UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JODIE L. MULKEY,

    Plaintiff,

v.                                                         Case No. 1:10-cv-466
                                                             Hon. Robert J. Jonker

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB) and Supplemental Security Income (SSI).

Plaintiff was born on July 17, 1968 (AR 31).[1] Plaintiff testified that she completed the tenth grade and is able to read and write (AR 34). Plaintiff alleged a disability onset date of January 1, 2004 (AR 95). She had previous employment as a care giver at various health care facilities, a cook, a waitress, a school custodian and a laborer (AR 154). Plaintiff identified her disabling conditions as: bi-polar; high blood pressure; major depression; and thyroid problems (AR 153). On August 12, 2009, an Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision denying benefits (AR 12-24). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

---

[1] Citations to the administrative record will be referenced as (AR "page #").

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d

918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases. *See Bailey v. Secretary of Health and Human Servs.*, No. 90-3265, 1991 WL 310 at * 3 (6th Cir. Jan. 3, 1991). "The proper inquiry in an application for SSI benefits

3

is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

### II. ALJ'S DECISION

Plaintiff's claim failed at the fourth step. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged disability onset date of January 1, 2004 and met the insured status requirements as of the Social Security Act through September 30, 2009 (AR 14). At step two, the ALJ found that plaintiff suffered from severe impairments of: obesity; affective disorder; and poly-substance dependence (AR 15). At step three, the ALJ found that plaintiff's impairments, including her substance abuse disorders, met the requirements of Listings 12.04 (affective disorders) and 12.09 (substance addiction disorders) of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1(AR 15). However, the ALJ found that "[i]f the claimant stopped the substance use, the remaining limitations would cause more than a minimal impact on the claimant's ability to perform basic work activities; therefore, the claimant would continue to have a severe impairment or combination of impairments" (AR 16). The ALJ further found that if plaintiff stopped the substance abuse, she "would not have an impairment or combination of impairments that meets or medically equals any of the impairments listing in 20 CFR Part 404, Subpart P, Appendix 1" (AR 16).

The ALJ decided at the fourth step that if plaintiff "stopped the substance use," she would have the residual functional capacity (RFC) to perform unskilled, medium work as defined in 20 C.F.R. § 404.1567(b) (AR 17). The ALJ also found that if plaintiff stopped the substance use, she would be able to perform her past relevant work as a "custodian/janitor," work which "does not

require the performance of work-related activities precluded by the residual functional capacity [plaintiff] would have if she stopped the substance use" (AR 22-23).

Although the ALJ determined that plaintiff was not disabled at step four, he provided an alternate basis at step five, determining that plaintiff would be found as "not disabled" under Medical-Vocational Rule 203.25 (AR 23).  The ALJ summarized his decision as follows:

> Because the claimant would not be disabled if she stopped the substance use (20 CFR 404.1520(f) and 416.920(f)), the claimant's substance use disorders is a contributing factor material to the determination of disability (20 CFR 404.1535 and 416.935).  Thus, the claimant has not been disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of this decision.

(AR 24).

### III. ANALYSIS

Plaintiff has raised three issues on appeal.

### A.      Did the ALJ err in finding that substance use disorder is a "contributing factor material" to an otherwise favorable disability determination?

The ALJ denied plaintiff's claim after finding that her substance use was a contributing factor material to the determination of disability.  Plaintiff contends that even without the substance abuse, her mental impairments reflected in the mental RFC evaluations from her treating therapist, Amy Duff, LMSW, (AR 437-39) and the state agency psychiatrist, John Pai, M.D. (AR 331-43), coupled with her obesity, rendered her disabled.

The Social Security Act provides that "[a]n individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled."  42 U.S.C. § 423(d)(2)(C).  *See Siemon v. Commissioner of Social Security*, 72 Fed. Appx. 421, 422 (6th Cir. 2003) ("the social security administration must deny a claim for

5

benefits if drug addiction or alcohol is a contributing factor material for a finding of disability"). If the Commissioner finds that a claimant is disabled and has medical evidence of drug addiction or alcoholism, the regulations require the Commissioner to "determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability." 20 C.F.R. §§ 404.1535(a), 416.935(a). In making this determination, the regulations provide as follows:

> (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
>
> (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.
>
>> (i) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>>
>> (ii) If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.

20 C.F.R. §§ 404.1535(b), 416.935(b).

Contrary to plaintiff's contention, neither Ms. Duff's mental RFC assessment nor Dr. Pai's RFC assessment reflect that she suffered from mental limitations other than the substance abuse which rendered her disabled. Ms. Duff's mental RFC assessment does not include a separate narrative setting forth plaintiff's work limitations. Her evaluation is limited to summary conclusions, which reflect that plaintiff has no limitations in the area of social interaction, some moderate limitations with respect to adaptation, moderate limitations in understanding and memory, and, both moderate and marked limitations in sustained concentration and persistence (AR 438-39).

The ALJ gave Ms. Duff's assessment little probative weight, because she was a social worker rather than an acceptable medical source under 20 C.F.R. §§ 404.1513(a), 416.913(a) (AR 22).[2] In addition, the ALJ found that there was no indication "whether Ms. Duff was considering the claimant's substance-abuse when rendering this opinion" (AR 22).

Dr. Pai's mental RFC assessment incorporates the notes in the doctor's Psychiatric Review Technique form (PRTF), which concludes that plaintiff "does not have difficulties or substantial prob. [sic] in dealing with simple instructions, maintaining approp. [sic] relationship with co-workers and supervision, making simple decisions and adjusting to changes in a work setting" (AR 329, 333). While Dr. Pai's PRFT reflects that plaintiff has engaged in substance abuse (i.e., "cocaine and alcohol abuse, in remission, per subject"), the PRTF does not reflect that plaintiff met the requirements of the substance addiction disorder at Listing 12.09 (AR 325-29).

Plaintiff presents no argument with respect to the claim that her obesity was a disabling condition for purposes of determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability.[3]

Accordingly, substantial evidence supports the ALJ's determination that plaintiff's substance abuse was a contributing factor material to an otherwise favorable disability determination.

---

[2] Plaintiff contests the ALJ's evaluation of Ms. Duff's opinion in a separate issue. *See* discussion in § II.C., *infra*.

[3] Plaintiff contests the ALJ's treatment of her obesity in a separate issue. *See* discussion at § III.B., *infra*.

> **B. Did the ALJ fail to apply SSR 02-1P in evaluating the severity of plaintiff's extreme obesity, as indicated by her height of 5 feet 4 inches and her weight of 260 pounds which equals a BMI of 44.6 or Level III, morbid obesity, on her ability to perform full time continuous work?**

The ALJ found that plaintiff was morbidly obese (AR 18). Given her height and weight, the ALJ concluded that plaintiff would be limited to a medium exertional capacity (AR 18, 21). Plaintiff contends that the ALJ's recitation of her obesity does not replace a carefully analyzed opinion as to how the impairment affects her ability to perform substantial gainful employment.

Obesity has been deleted from the Listing of Impairments in 20 C.F.R., subpart P, Appendix 1. *See* Social Security Ruling (SSR) 02-01p, 2000 WL 628049 at *1.[4] As the Social Security Agency explained in SSR 02-01p:

> However, even though we deleted listing 9.09, we made some changes to the listings to ensure that obesity is still addressed in our listings. In the final rule, we added paragraphs to the prefaces of the musculoskeletal, respiratory, and cardiovascular body system listings that provide guidance about the potential effects obesity has in causing or contributing to impairments in those body systems. See listings sections 1.00Q, 3.00I, and 4.00F. The paragraphs state that we consider obesity to be a medically determinable impairment and remind adjudicators to consider its effects when evaluating disability. The provisions also remind adjudicators that the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately. They also instruct adjudicators to consider the effects of obesity not only under the listings but also when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity.

*Id.* In evaluating the combined effects of obesity with other impairments, SSR 02-01p cautions:

> However, we will not make assumptions about the severity or functional effects of obesity combined with other impairments. Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment. We will evaluate each case based on the information in the case record.

---

[4] SSR's "are binding on all components of the Social Security Administration" and "represent precedent final opinions and orders and statements of policy and interpretations" adopted by the agency. 20 C.F.R. § 402.35(b)(1).

8

*Id.* at *6.

In this case, the ALJ treated plaintiff's morbid obesity as one factor limiting her ability to work (AR 18, 21). The Commissioner apparently acknowledged that the ALJ could have provided a more complete discussion of this matter.[5] However, SSR 02-01p "does not mandate a particular mode of analysis" with respect to obese claimants. *Bledsoe v. Barnhart*, 165 Fed.Appx. 408, 411 (6th Cir. 2006). Rather, SSR 02-01p "only states that obesity, in combination with other impairments, 'may' increase the severity of the other limitations." *Id.* at 412. "It is a mischaracterization to suggest that Social Security Ruling 02-01p offers any particular procedural mode of analysis for obese disability claimants." *Id.*

Here, the ALJ's decision, in fact, did consider plaintiff's obesity. The ALJ observed that despite plaintiff's conditions, she was able to perform housework, do laundry, prepare meals, attend to her personal hygiene, plant flowers, go camping, maintain relations with friends and family, shop in stores, follow the daily news, watch television and films, play card games and go fishing (AR 21). The ALJ also observed that plaintiff engaged in work activity after the alleged onset date, being employed in 2005, and working two jobs at the same time in 2006 (AR 21, 295, 442). While this activity did not constitute disqualifying substantial gainful activity, the ALJ

---

[5] The Commissioner's position on this issue lacks clarity, providing in part as follows:

One of Plaintiff's primary arguments on appeal seems to be that the ALJ failed to consider Plaintiff's obesity and its effect on her ability to work when determining whether Plaintiff was under a "disability," as defined by the Act. Thus, she argues that remand is warranted. A review of the record, however, shows that Plaintiff's contention is not incorrect. Importantly, a decision may be legally sufficient even where the ALJ could have offered a more particularized analysis.

Defendant's Brief at p. 13 (citations omitted).

observed that such activity indicates that plaintiff's daily activities were, at times, greater than she reported (AR 21).

The ALJ considered plaintiff's obesity in evaluating her RFC. While the ALJ could have given a more detailed discussion of the issue, the record is sufficient for this court to conclude that he considered obesity as a factor limiting her ability to work. Accordingly, plaintiff's claim of error should be denied.

> **C.  Did the ALJ err in according "little if any," weight to the opinion of plaintiff's treating mental health therapist as such opinions must be considered in determining how her impairments affect her ability to work in accordance with 20 C.F.R. §§ 404.1513(d), 416.913(d)?**

Plaintiff contends that the ALJ did not properly weigh Ms. Duff's opinions as required by SSR 06-03p, which addresses "opinions and other evidence from sources who are not 'acceptable medical sources' in disability claims." *See* SSR 06-03p, 2006 WL 2329939.

By way of background, the Commissioner must give "good reasons" for the weight given to the opinions of a "treating source" (i.e., a physician, psychologist or other acceptable medical source who has provided medical treatment or evaluation). *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004) (because the opinion of a treating source is entitled to controlling weight under certain circumstances, the ALJ must articulate good reasons for not crediting the opinion of a treating source under 20 C.F.R. § 404.1527(d)(2)). *See also, Smith v. Commissioner of Social Security*, 482 F.3d 873, 876 (6th Cir.2007) ("[b]efore determining whether the ALJ violated *Wilson* by failing to properly consider a medical source, we must first classify that source as a 'treating source'"); *Burke ex rel. A.R.B. v. Astrue*, No. 6:07-cv-376, 2008 WL 1771923at *7 (E.D. Ky. April 17, 2008) ("the deferential reason-giving requirements for the

rejection of a treating-source opinion necessarily do not apply where the source in question is not an 'acceptable medical source'").

Here, Ms. Duff, a social worker and mental health therapist, is not considered either a "treating source" or an "acceptable medical source." *See* 20 C.F.R. §§ 404.1502, 416.902 (defining an "acceptable medical source" as a source described in 20 C.F.R. §§ 404.1513(a), 416.913(a), who provides evidence about your impairments, i.e., licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists). Rather, as a social worker and therapist, Ms. Huff is considered to be an "other" medical source. *See* 20 C.F.R. §§ 404.1502, 416.902 ("medical sources" include other health care providers who are not acceptable medical sources); 404.1513(d)(1), 416.913(d)(1) (nurse practitioners, physicians' assistants, naturopaths, chiropractors, audiologists, and therapists).

In SSR 06-03p, the agency explained the need to differentiate between the opinions given by an acceptable medical source and other health care providers:

> The distinction between "acceptable medical sources" and other health care providers who are not "acceptable medical sources" is necessary for three reasons. First, we need evidence from "acceptable medical sources" to establish the existence of a medically determinable impairment. See 20 CFR 404.1513(a) and 416.913(a). Second, only "acceptable medical sources" can give us medical opinions. See 20 CFR 404.1527(a)(2) and 416.927(a)(2). Third, only "acceptable medical sources" can be considered treating sources, as defined in 20 CFR 404.1502 and 416.902, whose medical opinions may be entitled to controlling weight. See 20 CFR 404.1527(d) and 416.927(d).

SSR 06-03p. Because Ms. Duff is not an acceptable medical source, the ALJ was not required to provide good reasons for the weight given to her opinions under §§ 404.1527(d)(2), 416.927(d)(2). *See Smith*, 482 F.3d at 876; *Wilson*, 378 F.3d at 545; *Burke ex rel. A.R.B.*, 2008 WL 1771923 at *7.

Nevertheless, SSR 06-03p provides that the Commissioner should evaluate the opinions expressed by other medical sources on "key issues":

> These regulations provide specific criteria for evaluating medical opinions from "acceptable medical sources"; however, they do not explicitly address how to consider relevant opinions and other evidence from "other sources" listed in 20 CFR 404.1513(d) and 416.913(d). With the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not "acceptable medical sources," such as nurse practitioners, physician assistants, and licensed clinical social workers, have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists. Opinions from these medical sources, who are not technically deemed "acceptable medical sources" under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file.

SSR 06-03p.

Here, the ALJ evaluated Ms. Duff's opinions as required by SSR 06-03p. The ALJ provided a reasonable explanation for the weight assigned to her opinion, pointing out: that her opinion "is partially consistent with the evidence of record, but only in the context of substance abuse;" that there is no indication whether Ms. Duff was considering plaintiff's substance abuse when rendering the opinion; that if Ms. Duff was assessing plaintiff without consideration of the substance-abuse the opinion was "quite inconsistent with the evidence [of] record;" and that because Ms. Duff was a social worker, and not an acceptable medical source, her opinion was less persuasive (AR 22). While the ALJ's explanation is not as exhaustive as plaintiff might desire, it was sufficient. Because Ms. Duff was neither an acceptable medical source nor a treating source under the regulations, the ALJ was not required to articulate "good reasons" for the weight assigned to her opinion under the reasoning set forth in *Smith* and *Wilson*. *See* 20 C.F.R. §§ 404.1502, 416.902; 404.1513, 416.913; 404.1527, 416.927; and SSR 06-03p. Accordingly, plaintiff's claim should be denied.

**IV.     Recommendation**

For the reasons discussed, I respectfully recommend that the Commissioner's decision be affirmed.


Dated: June 14, 2011                                      /s/ Hugh W. Brenneman, Jr.
                                                                             HUGH W. BRENNEMAN, JR.
                                                                             United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).