UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JODIE L. MULKEY,

    Plaintiff,

CASE NO. 1:10-CV-466

v.

HON. ROBERT J. JONKER

COMMISSIONER OF SOCIAL,

    Defendant.

_____/

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation in this matter (docket # 12) and Plaintiff Mulkey's Objections (docket # 13). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself (docket # 12); and Ms. Mulkey's Objections (docket # 13). The Magistrate Judge found that substantial evidence supported the Commissioner's decision to deny Ms. Mulkey's claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). In reaching this conclusion, the Magistrate Judge found in particular that substantial evidence supports the ALJ's determination that Ms. Mulkey's substance abuse was a material contributing factor to an otherwise favorable disability determination; that the ALJ adequately considered Plaintiff's obesity in evaluating her residual functional capacity ("RFC"); and that the ALJ sufficiently explained how he weighed the opinions of Ms. Duff, one of Ms. Mulkey's treating therapists. (*Id.* at 8, 10, 12.) The Magistrate Judge recommended that the Court affirm the Commissioner's decision to deny Ms. Mulkeys claim for DIB and SSI. (*Id.* at 13.) After de novo review, the Court finds the Magistrate Judge's decision factually sound and legally correct.

Ms. Mulkey raises three principal objections. First, she asserts that it is not possible to separate the mental restrictions and limitations arising out of her substance abuse disorder from those arising out of her other impairments, and that this dictates a finding that her substance abuse disorder is not material. (Obj., docket # 13, at 2-3.) She also suggests that in reaching his materiality determination, the ALJ failed to consider fully and weigh appropriately the reports of Dr. Pai and Ms. Duff. (*Id.*) Her objection is not persuasive. She provides no legal support for her assertion that if it is impossible to separate mental limitations arising from a substance disorder from those arising out of other impairments, a finding of non-materiality is proper. Moreover, substantial evidence supports the ALJ's determination that Ms. Mulvey's substance abuse disorder is material in any event. In his written Decision, the ALJ carefully considered Ms. Mulkey's

testimony as well as the administrative record before him, which included, without limitation, medical, psychological, social services, and court records. (A.R. 18-22.) The ALJ detailed the weight he gave Dr. Pai and Ms. Duff's opinions and the reasons for weighing those opinions as he did. (*Id.* at 21-22.) To make a materiality determination, an ALJ may "look at a claimant's periods of sobriety and compare those periods to times when the claimant was abusing substances." *Monateri v. Comm'r of Social Security*, No. 09-524, 2011 WL 3510226 at *9 (6th Cir. August 11, 2011). In Ms. Mulkey's case, the ALJ did exactly that. The ALJ's Decision reflects a painstaking evaluation of Ms. Mulkey's abilities, impairments and RFC during her periods of sobriety based on the evidence. (*Id.* at 18-22.) For the reasons the Magistrate Judge articulates, substantial evidence supports the ALJ's materiality determination. Ms. Mulkey's objection fails.

Ms. Mulkey's second objection asserts that the ALJ failed to demonstrate that he considered her obesity appropriately under Social Security Ruling 02-01p, which states in part:

> [W]e consider obesity to be a medically determinable impairment and remind adjudicators to consider its effects in evaluating disability. The provisions [in certain listings sections] also remind adjudicators that the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately. They also instruct adjudicators to consider the effects of obesity not only under the listings but also when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity.

Social Security Ruling (SSR) 02-01p, 2000 WL 628049 at *1. This objection in essence reiterates a claim Ms. Mulkey has already raised and which the Magistrate Judge has already correctly addressed. (Report and Recommendation, docket # 12, at 8-10.) The Court agrees with the Magistrate Judge that the ALJ included sufficient detail regarding his consideration of Ms. Mulvey's obesity. Contrary to Ms. Mulvey's claim that "[o]ne must accept on pure faith that the

ALJ properly considered obesity and gave it the weight required by SSR 02-01p" (Obj., docket # 13, at 4), the ALJ's Decision reflects that the ALJ was well aware of the issue and did take into account Ms. Mulkey's obesity in determining the scope of her impairments and her RFC. In addition to the examples the Magistrate Judge points out, further support appears in the ALJ's observations that

> Physical examination and the claimant's own self-reports indicate that she would be able to physically perform at a medium exertional level. Treatment notes indicate the claimant has a normal gait . . . . In December 2004, the claimant denied any medical problems, other than weight gain . . . . In October 2005, the claimant reported that she had not current medical problems and had 'not been bothered' by any medical problem within the last 30 days.

(A.R. 19.) "It is a mischaracterization to suggest that Social Security Ruling 02-01p offers any particular procedural mode of analysis for obese disability claimants." *Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006). The Magistrate Judge correctly analyzed the issue. Ms. Mulvey's objection challenging the adequacy of the ALJ's consideration of her obesity fails.

Ms. Mulvey's final objection revisits her claim that the ALJ failed to accord sufficient weight to the opinions of Ms. Mulvey's treating therapist, Ms. Duff. (Obj., docket # 12, at 4.) The Magistrate Judge has already fully and accurately addressed this claim. (Report and Recommendation, docket # 12, at 10-12.) Ms. Mulvey's objection adds nothing new. The Court agrees with the Magistrate Judge, for precisely the reasons the Magistrate Judge articulates, that the ALJ appropriately considered Ms. Duff's opinions and provided a reasonable and sufficient explanation of why he weighed her opinions as he did. (*Id.*)

The Court concludes that the Magistrate Judge's Report and Recommendation (docket # 12) is factually sound and legally correct.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 12) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED:**

The decision of the Commissioner is **AFFIRMED**.


DATED:  September 29, 2011             /s/Robert J. Jonker
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE